# Attachment 1

PJL-SA

**CT Corporation**

**Service of Process Transmittal**
01/11/2016
CT Log Number 528449556

**TO:** Litigation Department
FedEx Corporation
3620 Hacks Cross Rd, 3rd floor, Building B
Memphis, TN 38125

**RE:** **Process Served in Massachusetts**

**FOR:** Fedex Corporate Services, Inc. (Domestic State: DE)

JAN 14 2016

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JAMES J. TOMBENO, Pltf. vs. Fedex Corporate Services, Inc. and BRENDA NYLEN, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Proof of Service, Complaint, Cover Sheet, Order |
| **COURT/AGENCY:** | Worcester County Superior Court, Worcester County, MA<br>Case # 151978B |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Disability |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/11/2016 at 15:00 |
| **JURISDICTION SERVED:** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Ann L. Palmleri<br>Law Office of Ann L. Palmleri<br>Post Office Box 1586<br>Andover, MA 01810<br>978-475-2684 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 782145701930<br><br>Image SOP |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>155 Federal St Ste 700<br>Boston, MA 02110-1727<br>617-757-6404 |

Page 1 of 1 / AB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 15-1978

James J. Tombeno,            Plaintiff (s)

v.

FedEx Corporate Services, Inc.,
& Brenda Nylen              Defendant (s)

**SUMMONS**

To the above-named Defendant: FedEx Corporate Services, Inc., Registered Agent CT Corporation System, 155 Federal Street, Boston, MA (Suite 700)

You are hereby summoned and required to serve upon Ann L. Palmieri, Law Office of Ann L. Palmieri, P.O. Box 1586, Andover, MA 01810, plaintiff's attorney, whose address is P.O. Box 1586, Andover, MA 01810, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness **Judith Fabricant** Esquire, at Worcester, the Eighth (8th) day of January in the year of our Lord two thousand and sixteen (2016).

A true copy Attest:
1/14/16
Deputy Sheriff Suffolk County

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — (OTHER)

NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 1008.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..................................................................................
20.................., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass.R.Civ.P. 4(d) (1-5)):

..............................................................................................................................................................
..............................................................................................................................................................
..............................................................................................................................................................

Dated ........................................, 20..16....

N.B. TO PROCESS SERVER:
   PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 20

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss

Superior Court
Civil Action

No. 15-1978

James J. Tombeno ........ Plaintiff

v.

FedEx Corporate Services, Inc. ........ Defendant

SUMMONS

(Mass. R. Civ. P. 4)

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| **PLAINTIFF(S):** James J. Tombeno <br> **ADDRESS:** 14 McGilpin Road <br> Sturbridge, Massachusetts 01566 | | **COUNTY** Worcester <br> **DEFENDANT(S):** FedEx Corporate Services, Inc., Brenda Nylen |
| **ATTORNEY:** Ann L. Palmieri <br> **ADDRESS:** Law Office of Ann L. Palmieri, Post Office Box 1586, Andover, MA 01810 | | **ADDRESS:** FedEx c/o CT Corporation, 155 Federal Street, Suite 700, Boston, MA <br> Ms. Nylen, 20 Johnson Road, Marlborough, CT 06447 |
| **BBO:** 388090 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99, B22 | Employment Discrimination, Breach of Contract | F | [X] YES  [ ] NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ........... $
  2. Total doctor expenses ........... $
  3. Total chiropractic expenses ........... $
  4. Total physical therapy expenses ........... $
  5. Total other expenses (describe below) ........... $
    Subtotal (A): $

RECEIVED DEC 11 2015 CLERK OF COURTS WORCESTER COUNTY

B. Documented lost wages and compensation to date ........... $
C. Documented property damages to dated ........... $
D. Reasonably anticipated future medical and hospital expenses ........... $
E. Reasonably anticipated lost wages ........... $
F. Other documented items of damages (describe below) ........... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F): $

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Plaintiff was terminated from sales, despite being the top performer due to "alleged" failure to comply with drug test request by superior who had discriminated against him on numerous occasions and superior did not comply with company policy

TOTAL: $ 1,000,000.00

Signature of Attorney/Pro Se Plaintiff: X /s/ Ann L. Palmieri  BBO# 388090  Date: Dec 11, 2015

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

N/A

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X /s/ Ann L. Palmieri  BBO# 388090  Date: 12/10/15

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1585CV01978 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Tomberio, James J vs. Fedex Corporate Services, Inc et al | | Dennis P. McManus, Clerk of Courts |
| TO: Ann L Palmieri, Esq. Law Office of Ann L. Palmieri Post Office Box 1586 Andover, MA 01810 | | COURT NAME & ADDRESS Worcester County Superior Court 225 Main Street Worcester, MA 01608 |

TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

## STAGES OF LITIGATION

| | DEADLINE | | |
|---|---|---|---|
| | SERVED BY | FILED BY | HEARD BY |
| Service of process made and return filed with the Court | | 03/10/2016 | |
| Response to the complaint filed (also see MRCP 12) | | 04/11/2016 | |
| All motions under MRCP 12, 19, and 20 | 04/11/2016 | 05/09/2016 | 06/08/2016 |
| All motions under MRCP 15 | 04/11/2016 | 05/09/2016 | 06/08/2016 |
| All discovery requests and depositions served and non-expert despositions completed | 10/06/2016 | | |
| All motions under MRCP 56 | 11/07/2016 | 12/05/2016 | |
| Final pre-trial conference held and/or firm trial date set | | | 04/04/2017 |
| Case shall be resolved and judgment shall issue by | | | 12/11/2017 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time. Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.
This case is assigned to

| DATE ISSUED 12/11/2015 | ASSISTANT CLERK Denise Foley | | PHONE (508)831-2355 |
|---|---|---|---|

Date/Time Printed: 12-11-2015 15:03:23

SCV026R 11/2014

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.   SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.

JAMES J. TOMBENO
      Plaintiff
v.   **COMPLAINT AND JURY DEMAND**

FEDEX CORPORATE SERVICES, INC.
and BRENDA NYLEN,
      Defendants

## INTRODUCTION

This is an action for damages and other relief arising out of the employment of Plaintiff, James J. Tombeno ("Plaintiff" or "JJT"), by the defendant, FedEx Corporate Services Inc. The bases for his claims are sex discrimination, age discrimination, retaliation and breach of contract.

## PARTIES

1. The Plaintiff, James J. Tombeno, is a citizen of the Commonwealth of Massachusetts with a place of residence in Sturbridge, County of Worcester, Commonwealth of Massachusetts. At all times herein relevant hereto Plaintiff James J. Tombeno was employed by FedEx Corporate Services, Inc., and was an employee within the meaning of Massachusetts General Laws, Chapter 151B, section 1(6).

2. The Defendant, FedEx Corporate Services, Inc. ("the Company"), is a corporation organized and existing under the laws of the State of Delaware with a registered agent identified as CT Corporation System, 155 Federal Street, Suite 700, Boston, MA and doing business at 300 Century Drive, West Boylston, County of Worcester, Commonwealth of Massachusetts. The Company is engaged in distributing/delivering packages and providing delivery services in various cities and towns in Massachusetts and beyond and is an employer within the meaning of Massachusetts General Laws, Chapter 151B, section 1.

3. The Defendant Brenda Nylen resides at 20 Johnson Road, Marlborough, Connecticut 06447 and is an employee of the Defendant FedEx. Defendant Nylen met with Plaintiff Tombeno at its 300 Century Drive, West Boylston, County of Worcester, Commonwealth of Massachusetts location and was the supervisor of Plaintiff James J. Tombeno at the time of the discriminatory actions and conduct of the Defendants.

## FACTS

4. The plaintiff repeats and reavers paragraphs 1-3 of this Complaint and incorporates them by reference as if fully restated herein.

5. Plaintiff James J. Tombeno, was a 63 year-old man who had worked at FedEx for more than 22 years.

6. Plaintiff had been a top producer throughout his career with FedEx, and **its #1 salesperson in the United States in 2013** in the Business Development Executive ("BDE") Division.

7. Plaintiff had been praised and rewarded by FedEx on numerous occasions for his outstanding job performance, including a trip to Hawaii with his wife in the fall of 2013.

8. Ms. Nylen became Plaintiff's manager approximately four years before his termination.

9. From the time that Nylen became Plaintiff's manager until the time that JJT was fired, Nylen systematically attempted to demoralize and marginalize Plaintiff. Nylen's efforts were unsuccessful until she decided to "submit" him to drug testing.

10. In the summer of 2013, Nylen called Plaintiff and told him he had to make 5 to 6 planned sales calls per day. When Plaintiff told Nylen he would try, she screamed "You are not listening. You will make 5 or 6 planned sales calls a day and if you don't you will come to Connecticut and a letter will go in your personnel file and you and

Case 4:16-cv-40008-TSH Document 1-1 Filed 01/29/16 Page 9 of 18


Maura won't go on the trip (to Hawaii)." Plaintiff felt threatened and fearful that his hard earned trip would be revoked, little did he know that she would terminate him. The conversation was overheard by Nylen's coordinator, Lisa Murzyn.

11. During a group meeting on June 11, 2013, Nylen lunged and grabbed the pen Plaintiff JJT was using to take notes from his hand and threw it at him. JJT's response was "what did I do?" She stated "stop clicking your pen". JJT did not know he was doing it.. Later, when another employee commented to Plaintiff, "What was that about?" Plaintiff JJT shrugged and said it must be I was clicking my pen.

12. In October 2013, Plaintiff was asked to attend the FedEx Director's Vice President's Meeting for the Northeast Sales District in White Plains, New York. While there, Plaintiff received and was recognized as the "Most Valuable Salesperson in the Northeast Award," which consists of more than 300 sales people in the FedEx sales force. Plaintiff was told by a co-worker in his group, when he returned from the meeting, that "everytime you win a Director's Award or any other recognition Brenda Nylen gets upset."

13. In October 2013, Plaintiff fell at a customer's site. Plaintiff reported the fall to Nylen and days after the fall Plaintiff continued to feel pain and informed Nylen he was going to undergo surgery to correct it.

14. Nylen knew that Plaintiff was scheduled for back surgery as a result of the fall, yet by failing to properly report JJT's fall within FedEx, Nylen sabotaged JJT's ability to obtain workmen's compensation and disability benefits for that time frame by failing to properly report the fall with in FedEx. Further, Nylen saw to it that he could not use his vacation time so that he could maximize his short term disability. As a result, Plaintiff never received Workman's Compensation nor was he allowed to use his vacation days to better position himself for short-term disability.

15. In December 2013, Plaintiff got a flat tire while on his way to the Copley Plaza in Boston for a FedEx meeting. His suit coat got a little dirty because he had to change the tire himself. When Plaintiff arrived at the meeting, Nylen took Plaintiff out of the meeting and told him that her superior had "ripped her one" because JJT "should wear a suit everyday."

16. Plaintiff was surprised by Nylen's comments at the December meeting because there was no dress code requirement that he was aware of and he had always worn a jacket, tie, and slacks when he went to meetings with FedEx employees and customers.

17. No one else was ever told that they had to wear a suit all the time. Plaintiff felt singled out and was never able to explain to Nylen that the reason his jacket was dirty was because he had to change a flat tire. Plaintiff JJT wore a full suit to work every day after that conversation.

18. Late in 2013, Nylen told Plaintiff JJT that she was going to put him on a "planner to make more planned sales calls and watch him closer if he was not successful." Plaintiff had not heard of Nylen doing this to any of the others in his group, despite the fact that they were all newer, less experienced, and producing at a much lower level than he was.

19. In March-April 2014, Plaintiff JJT was out of work on short term disability for back surgery as a result of his injury in October 2013. During that time, Plaintiff never spoke with Nylen because she could not have a conversation with Plaintiff without yelling and screaming at him. All communication went through Rachel Sisco in Human Resources.

20. Plaintiff reluctantly returned to work under Nylen after his surgery despite his concerns about working under her.

21. On May 1, 2014, Nylen told Plaintiff that she would be accompanying him on his calls on May 8, 2014. Plaintiff spoke with Nylen's coordinator, Lisa Murzyn, on the morning of May 8, and during this conversation Lisa Murzyn warned Plaintiff that "Brenda was out to get him" and to "watch out, she is on a war path."

22. Plaintiff JJT expected that Nylen would ride along with him because that is what all of her predecessors had done, so Plaintiff had cleaned his car in anticipation of the ride along.

23. Instead of riding along with Plaintiff, Nylen followed Plaintiff in her own car all morning. Plaintiff JJT had 6 calls planned for Nylen to attend with him that day. After the 4th call at noon, however, Nylen told Plaintiff JJT she was "all set" and that she would not be attending any of the remaining sales calls.

24. Plaintiff JJT had originally scheduled lunch with a customer for Nylen to attend, but the customer was unable to make the scheduled luncheon. Instead, Plaintiff JJT asked Nylen if she would like to have lunch together and discuss the previous sales calls that day. Nylen was not interested in having lunch together and told Plaintiff she was calling it a day. Nylen drove off in her own car.

25. Despite the fact that May 8 was called a "Joint Ride Day", Nylen and Plaintiff JJT did not at any point ride in the same car that day. Nylen never entered Plaintiff's car at any point on May 8 or thereafter.

26. Nylen claimed 4 days later, on May 12, that she smelled "marijuana" on Plaintiff's car in a parking lot on May 8. Plaintiff was surprised by Nylen's allegation.

27. Nylen then proceeded to hunt for evidence to corroborate her unfounded allegations by subjecting Plaintiff JJT to a drug test.

28. Nylen ordered Plaintiff JJT over the telephone to meet her over 100 miles away in Springfield, MA within 2 hours to submit to a drug test----she did this despite

the fact that **she failed to follow FedEx's own policies with regard to drug testing** with regard to reasonable suspicion for drug testing and proper procedures for carrying out drug testing.

29. FedEx's policy on drug testing regarding cause for testing employees specifically states that "employees are subject to drug and/or alcohol testing due to reasonable suspicion/cause based on behavior, appearances, speech or body odors that could be the result of drug and/or alcohol misuse."

30. Nylen's sole allegation against Plaintiff JJT was that she smelled "marijuana" around Plaintiff's car. Nylen never alleged that her allegations were based on Plaintiff's behavior, appearance, speech, or body odor that caused her suspicion.

31. FedEx's policy on drug testing regarding procedure requires that FedEx is to "provide transportation for the employee to an off-site testing facility" and "Transportation must also be provided from work/test site to home if the employee is being tested for suspected drug use."

32. FedEx did not, at any point, offer to transport Plaintiff JJT to the test site. Nylen demanded that Plaintiff JJT drive himself 100 miles to a testing facility on short notice 4 days after she allowed Plaintiff to continue on 2 sales calls as a representative of FedEx after she allegedly smelled marijuana on his car.

33. Plaintiff knew that Nylen had failed to comply with FedEx's drug testing policies and, for that reason, declined to submit to the test.

34. Because Plaintiff declined to submit to drug testing on May 12, Nylen used his alleged non-compliance as the basis to terminate his employment on May 14, 2014. On May 13, 2014 JJT received an email from Nylen that he meet with Nylen at the FedEx Freight Facility in Northboro, MA on May 14, 2014. At that meeting, JJT was presented with a

letter of termination.

## CAUSES OF ACTION

(Each Cause of Action Specifically Incorporates by Reference All of Those Paragraphs Previously Set Forth)

### COUNT I:   SEX DISCRIMINATION VIOLATION M.G.L. c. 151B

35. Defendant Nylen discriminated against Plaintiff James Tombeno on the basis of sex when she routinely held Plaintiff JJT to a different performance standard than other employees, physically assaulted him with a pen, was openly resentful of his success as an employee of FedEx, intentionally interfered with his ability to receive Disability and Workman's Compensation when he was injured at work, required him and not others to start making more planned sales calls in 2013, threatened to take away awards he had earned, and unjustifiably accused him of drug use to effectuate the termination of his employment.

36. Defendant FedEx Corporate Services discriminated against Plaintiff on the basis of sex when, through the actions of its agent, Defendant Nylen, routinely held Plaintiff to a different performance standard than other employees, physically assaulted him with a pen, was openly resentful of his success as an employee of FedEx, intentionally interfered with his ability to receive Disability and Workman's Compensation when he was injured at work, required him and not others to start making sales calls in 2013, threatened to take away awards he had earned, and unjustifiably accused him of drug use to effectuate the termination of his employment.

37. Defendants' actions were in violation of M.G.L. c. 151B.

38. Plaintiff has exhausted his administrative remedies prior to the commencement of this action.

39. As a result of the aforementioned sex discriminatory acts of the Defendant, the Plaintiff has suffered grievous harm including, but not limited to, substantial loss of income and loss of benefits, and has undergone severe emotional distress.

### COUNT II:   AGE DISCRIMINATION M.G.L. c. 151B

40. Defendant Nylen discriminated against Plaintiff James Tombeno on the basis of age when she routinely held Plaintiff JJT to a different performance standard than other employees, was openly resentful of his success as an employee of FedEx, intentionally interfered with his ability to receive Disability and Workman's Compensation when he was injured at work, required him and not others to start making more planned sales calls in 2013, and unjustifiably subjected him to drug testing after years of service and outstanding performance in an effort to find cause for his termination in order to replace him with a younger employee whom she could pay less.

41. Defendant FedEx Corporate Services discriminated against Plaintiff on the basis of age when, through the acts of its agent, Defendant Nylen, routinely held Plaintiff JJT to a different performance standard than other employees, was openly resentful of his success as an employee of FedEx, intentionally interfered with his ability to receive Disability and Workman's Compensation when he was injured at work, required him and not others to start making more planned sales calls in 2013, and unjustifiably subjected Plaintiff to drug testing during which it failed to follow its own drug testing policies and terminated Plaintiff's employment for not complying with an insufficient and improperly executed request to submit to drug testing so that it could replace Plaintiff with a younger employee whom it could pay less.

42. Defendants' actions were in violation of M.G.L. c. 151B.

43. Plaintiff JJT has exhausted his administrative remedies prior to the

commencement of this action.

44. As a result of the aforementioned age discriminatory acts of the Defendant, the Plaintiff JJT has suffered grievous harm including, but not limited to, substantial loss of income and loss of benefits, and has undergone severe emotional distress.

### COUNT III: HOSTILE WORK ENVIRONMENT M.G.L. c. 151B

45. Defendant Nylen created a hostile work environment for Plaintiff when she routinely held Plaintiff to a different performance standard than other employees, routinely yelled at and demoralized Plaintiff, physically assaulted him with a pen, was openly resentful of his success as an employee of FedEx, made it known to Plaintiff's co-workers that she was "out to get him", intentionally interfered with his ability to receive Disability and Workman's Compensation when he was injured at work (which was reversed by the Workmen's Compensation Board in late 2014), required him and not others to start making more planned sales calls in 2013, threatened to take away awards he had earned, and unjustifiably accused him of drug use to effectuate the termination of his employment.

46. Defendant's actions caused the workplace to be permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter conditions of the Plaintiff's employment and create an abusive working environment.

47. The work environment was both objectively and subjectively offensive such that a reasonable person would find it hostile or abusive.

48. Plaintiff James Tombeno did, in fact, find his work environment to be hostile.

49. Defendant's actions were in violation of M.G.L. c. 151B.

50. Plaintiff has exhausted his administrative remedies prior to the commencement of this action.

51. As a result of the aforementioned hostile work environment created by the Defendant, the Plaintiff has suffered grievous harm including, but not limited to, substantial loss of income and loss of benefits, and has undergone severe emotional distress.

### COUNT IV: RETALIATION UNDER M.G.L. c. 151B

52. Defendant Nylen did not want JJT to remain employed with Defendant and retaliated against JJT whever she could. When he had won a trip, she tried to retaliate by denying he and his wife of that trip. When JJT was injured on the job and informed Nylen, she failed to report that he had fallen while working thereby, intentionally, interfering with his ability to receive Disability and Workman's Compensation despite being injured at work. When she required him and not others to start making more planned sales calls in 2013, and she retaliated against him when she unjustifiably accused Plaintiff of drug use to effectuate the termination of his employment.

53. Defendant's actions caused the workplace to be permeated with a nasty and retaliatory environment toward Plaintiff JJT.

54. Defendant's actions were in violation of M.G.L. c. 151B.

55. Plaintiff has exhausted his administrative remedies prior to the commencement of this action.

56. As a result of the aforementioned retaliatory environment created by the Defendant, the Plaintiff has suffered grievous harm including, but not limited to, substantial loss of income and loss of benefits, and has undergone severe emotional distress.

## COUNT V: BREACH OF EXPRESS AND IMPLIED CONTRACT

57. Defendant FedEx at all times maintained a written policy with regard to the manner/process in which all allegations of drug use by an employee would be handled.

58. Defendant's failure to comply with its' own policy is evidenced when first she said she smelled "marijuana" around the vehicle, despite the fact that Nylen NEVER entered Plaintiff JJT's vehicle; the fact that the "request" for a drug test was three or four days AFTER the "ride along"; and finally the week after the "ride along" when Nylen told Plaintiff JJT to drive to the FedEx appointed drug test location, said request was totally contrary to the Defendant's own policy and expressly violated the terms/conditions in which an employee is to be tested.

59. As a direct and proximate result of Defendant's breach of Plaintiff's employment agreement and Defendant's failure to comply with its own Drug Policy, Plaintiff has suffered severe emotional distress as well as damages including lost benefits, wages, bonuses and raises.

## DEMANDS FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court:

1. Award Plaintiff compensatory damages for Counts I through IV in an amount to be determined at trial;

2. Award Plaintiff punitive damages as allowed by law;

3. Award Plaintiff reasonable attorneys' fees, costs and interest;

4. Award such other relief as the Court deems just and proper.

THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

JAMES J. TOMBENO,
By his Attorney,

*Ann L. Palmieri*
Ann L. Palmieri (BBO#388090)
Law Office of Ann L. Palmieri
Post Office Box 1586
Andover, MA 01810
(978) 475-2684

Dated:     December 11, 2015